IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MARYAM NAWROZ )
)
and )
)
MAIWAND EHSANI )
)
Plaintiffs )
)
v. ) Civil Action No.
)
JONATHAN LEVINE, ESQ., )
)
Defendant. )
)

COMPLAINT

Plaintiffs Maryam Nawroz ("Nawroz") and Maiwand Ehsani ("Ehsani"), by their undersigned counsel, bring this action against Defendant Jonathan Levine, Esq. ("Levine"), and for their complaint in this action state as follows:

1. This Court has jurisdiction of this case under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Plaintiffs, individuals, reside in Prince William County as they have at all times relevant to the allegations in this action.

3. Defendant is an attorney who is the owner of Levine & Associates, which purports to be a law firm.

4. Defendant regularly collects or attempts to collect debts owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household

purposes, and he has brought numerous legal actions in the Maryland, Virginia, and D.C. courts to collect such debts allegedly owed by consumers.

5. The website for Defendant's law firm lists creditor's rights and foreclosure as one of its areas of practice.

6. Defendant regularly uses the mails and other instrumentalities of interstate commerce in his collections of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

7. Defendant previously filed in the Circuit Court for Prince William County, Virginia, a legal action against Plaintiffs in their individual capacities on behalf of Wells Fargo Clearing Services, LLC ("Wells Fargo"), as plaintiff, and that action was assigned case number CL18-6562 ("6562 Action").

8. The defendants in the 6562 Action also included two additional defendants - Maryam Nawroz in her capacity as Trustee of the Haywad Land Trust and Haywad, LLC, a Virginia limited liability company.

9. In the 6562 Action, Defendant Levine sought to have a transfers of three parcels of real property to Ehsani, as well as the transfer to him of an interest in the limited liability company, set aside as fraudulent conveyances so that the properties could be sold in satisfaction of the debt of Nawroz as described in the next paragraph.

10. The debt allegedly due from Nawroz was for the balance due on an overdrawn financial account that Nawroz had maintained at Wells Fargo Bank primarily for personal, family, or household purposes.

11. The account was governed by a contract which allowed Defendant Wells Fargo to recover attorney's fees from Nawroz in the event that the account was overdrawn and provided for a contractual rate of interest.

12. The alleged overdraft in the account was not conceivably related to any business in which Nawroz may have been involved.

13. On August 2, 2018, the clerk of the Circuit Court for Prince William County issued summonses for the complaint that Defendant Levine had filed in the 6562 Action.

14. At the direction of Defendant Levine after issuance of the summonses, the summonses together with the complaint in the 6562 Action were served on the four defendants in that action by a private process server on August 9, 2018.

15. The conduct of Defendant Levine caused emotional distress to Plaintiffs, and especially to Plaintiff Nawroz, who was undergoing a high risk pregnancy at the time of Levine's actions.

COUNT I
15 U.S.C. § 1692d, 15 U.S.C. § 1692f

16. Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs 1 through 15 as if the same were fully set forth herein.

17. At the time Defendant Levine filed the 6562 Action neither Nawroz individually, Nawroz as Trustee, or Haywad, LLC had any interest in the properties for which Defendant Levine sough to set aside the transfers of those properties as fraudulent.

18. Since the defendants (other than Maiwand) in the 6562 Action had no interest in the properties for which Defendant Levine sought to set aside the transfers as fraudulent, they were not proper parties to the 6562 Action for which Levine served complaints on Plaintiffs

19. The inclusion of improper defendants in the 6562 increased the burden that Plaintiffs had, for instance, in responding to discovery for four defendants instead of only themselves since the relationship of Plaintiffs to the other two defendants in the 6562 Action was such that they needed to respond to discovery for those defendants.

20. By including as defendant in the 6562 Action parties who were not properly defendants, Defendant Levine multiplied the proceedings and increased the expenses of Maiwand and Ehsani (including legal fees) as a result of the necessity for them to defend against the proceedings.

21. The inclusion of parties as defendants in a proceeding when they are not proper defendants for the purpose of increasing the expenses of the debtor and others - such as by enabling Defendant Levine to evade the numerical limitation on the number of interrogatories - is an unfair and unconscionable means to collect a debt.

22. The inclusion of parties as defendants in a proceeding when they are not proper defendants for the purpose of increasing the expenses of the debtor and others is conduct for which the natural consequence is to harass, oppress, and abuse the debtor and others.

COUNT II
15 U.S.C. § 1692d, 15 U.S.C. § 1692f

23. Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs 1 through 22 as if the same were fully set forth herein.

24. The 100 paragraph complaint in the 6562 Action consisted of six counts involving the transfer of properties (as described above) for which Defendant Levine sought to set aside the transfers: (a) Count I - fraudulent conveyance under Va. Code Ann. § 55-80 by Plaintiffs herein with intent to hinder, delay, and defraud creditors; (b) Count II - voluntary conveyances void under Va. Code Ann. § 55-81 because Plaintiffs were insolvent at the time of the transfers; (c) Count III - piercing the corporate veil[1]; (d) Count IV - attachment of trust assets; (e) Count V - constructive trust; and (f) Count VI - injunction.

25. For the counts included in the complaint, either relief was barred as a matter of law or Defendant Levine had and has no evidence.

26. The complaint in the 6562 Action seeks equitable relief in the form of piercing the corporate veil, attachment of trust assets, constructive trust, and injunction even though such relief is legally precluded because Defendant Levine's client has an adequate remedy at law under Va. Code Ann. § 55-82.2 by setting aside the conveyances that are the subject of the 6562 Action, and that is the sole remedy for a fraudulent conveyance.

27. Defendant Levine's client also has no right to a constructive trust because Plaintiffs had no obligation to convey any properties to Wells Fargo, and such an obligation is necessary for a constructive trust.

28. Defendant Levine's client also has no right to a constructive trust because Plaintiffs never used any funds from Levine's client to purchase the property as to which Levine seeks a constructive trust.

---

[1] The term "Piercing the Corporate Veil" is what Defendant Levine used for Count III of his complaint even though he was asking for the relief of disregarding the separate entity status of a limited liability company. Accordingly, his terminology is used in this complaint.

29. Relief in the form of piercing the corporate veil is legally precluded because Defendant Levine seeks to satisfy a personal debt of Nawroz from the assets of an entity that was not created until after liability for that debt had already arisen.

30. Relief in the form of setting aside the conveyance of an interest in a limited liability company is not available when the entity had no value and indeed has been dissolved so that it is no longer in existence.

31. Defendant Levine was also precluded from obtaining the relief of an injunction because his client faced no irreparable injury absent the injunction.

32. Defendant Levine is also precluded from obtaining relief against the assets of the land trust defendant in the 6562 Action when any judgment would be conditional (i.e. one that would be effective if the trust had assets) absent any showing that the trust had assets.

33. Defendant Levine is not entitled to relief under Va. Code Ann. § 55-81 because he has no evidence that any defendant in that action (including Plaintiffs herein) is or was insolvent at any time, and indeed his evidence directly refuted his claim of insolvency.

33. Including in the complaint counts for which relief was precluded as a matter of law or for which Defendant Levine had and has no evidence injures Plaintiffs by increasing their expenses in litigating the 6562 Action.

34. The inclusion of bogus counts in the complaint for the purpose of increasing the expenses of the debtor and others to defend the action is an unfair and unconscionable means to collect a debt.

35. The inclusion of bogus counts in the complaint for the purpose of increasing the expenses of the debtor and others to defend the action is conduct for which the natural consequence is to harass, oppress, and abuse the debtor and others.

COUNT III
15 U.S.C. §§ 1692e

36. Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs 1 through 35 as if the same were fully set forth herein.

37. The complaint that Defendant Levine filed against Plaintiffs contains a number of false allegations.

38. Defendant Levine has stated throughout the complaint in the 6562 Action that Nawroz acted with the intent to hinder, delay, and defraud Wells Fargo in transferring properties when in fact she lacked any such intent because the money that she used to purchase the properties as to which Defendant Levine sought to have the transfers set aside was not hers.

39. Defendant Levine has stated in the aforementioned complaint that Plaintiffs were rendered insolvent by the transfers that Levine seeks to set aside when in fact this statement is false because Plaintiffs were not insolvent at those times.

40. Defendant Levine has stated in the complaint that Wells Fargo would be irreparably harmed by a future transfer of the properties for which it seeks to set aside the prior conveyances, but this statement is false because Wells Fargo faces no such prospect of harm because of the lis pendens that it has filed against the properties.

41. The lis pendens that Defendant Levine filed against the properties that are the subject of the complaint in the 6562 Action means that anyone acquiring those properties will take them subject to any judgment in favor of Wells Fargo in that action.

42. While Defendant Levine has stated in the complaint that an injunction is necessary to prevent harm to Wells Fargo during the pendency of the 6562 Action, this statement is also false because Wells Fargo is protected by its lis pendens.

COUNT IV
15 U.S.C. § 1692d, 15 U.S.C. § 1692f

43. Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs 1 through 42 as if the same were fully set forth herein.

44. After Plaintiffs were served with the complaint in the 6562 Action, Defendant Levine adopted a policy of refusing all requests for extension from Plaintiffs in the 6562 Action.

45. In fact Defendant Levine on November 29, 2018, went so far as to file a written opposition to Plaintiffs' motion for extension.

46. In flatly refusing all requests for extension, Defendant Levine violated the principles of professionalism adopted by the Virginia Supreme Court.

47. A true and correct copy of the principles of professionalism is attached hereto as Exhibit A.

48. These principles of professionalism require counsel to "[a]gree whenever possible to opposing counsels' reasonable requests for extensions of time that are consistent with [his] primary duties to advance [his] clients' interests."

49. In refusing to agree to any extensions, Defendant Levine employed an unfair and unconscionable means to collect a debt and engaged in conduct for which conduct for which the natural consequence is to harass, oppress, and abuse the debtor and others.

50. As a result of the refusal of Defendant Levine to agree to any extensions, Plaintiffs were required to seek approval for at least one extension from the court and were successful in obtaining that extension.

COUNT V
15 U.S.C. § 1692e

51. Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs 1 through 50 as if the same were fully set forth herein.

52. After Plaintiffs were served with the complaint in the 6562 Action, Defendant served them with a motion for a misnamed preliminary injunction, which in Virginia is a temporary injunction.

53. The brief that Defendant Levine filed in support of the motion falsely states that Wells Fargo would be irreparably harmed by a transfer of the properties as to which Defendant Levine was seeking to set aside the conveyance, but in fact Wells Fargo faced no prospect of harm from any transfer of the properties because of a lis pendens that Levine had filed against the properties.

54. Had Defendant Levine been successful in obtaining a temporary injunction, it would have prevented Plaintiffs from selling any of their properties even if they could have assured that Wells Fargo would be paid from the proceeds of the sale notwithstanding the sale.

55. The injunction that Defendant Levine was seeking would have prevented Plaintiffs from doing anything to avoid a forced sale of the property if Wells Fargo were successful in the 6562 action.

56. The prospect of an injunction was intended to coerce Plaintiffs into paying the debt allegedly owed by Nawroz in order to avoid the risk of a forced sale.

57. A forced sale of the properties would have resulted in a value less than their fair market value, and thus Plaintiffs would have no option but to pay the judgment in order to avoid a forced sale and the loss of value in their properties.

COUNT VI
15 U.S.C. § 1692d, 15 U.S.C. § 1692f

58. Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs 1 through 57 as if the same were fully set forth herein.

59. Defendant Levine's motion for a preliminary injunction was without merit due to the complete absence of any prospect of irreparable harm because of the lis pendens that he had filed against the property, but it would nonetheless tend to coerce a debtor into paying the debt in order to avoid a forced sale of the property.

60. The use of a motion that is without merit to coerce a debtor and others into paying a debt represents an unfair and unconscionable means to collect a debt as well as conduct for which the natural consequence is to harass, oppress, and abuse the debtor and others.

WHEREFORE, Plaintiffs pray for judgment against Defendant for damages in the amount of $100,000.00 (one hundred fifty thousand dollars), including actual and statutory damages, plus their reasonable attorney's fees incurred in this action, together with pre-judgment interest and the costs of this action.

MARYAM NAWROZ
MAIWAND EHSANI
By Counsel

/s/Ernest P. Francis

Ernest P. Francis
VSB#27276
ERNEST P. FRANCIS, LTD.
105 Oronoco Street
Suite 309
Alexandria, VA 22314
(703) 683-8888
Fax (703) 683-8887
E-mail: epfrancis@tristateconsumerlawyer.com

Attorney for Plaintiffs

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable of right by a jury.

/s/Ernest P. Francis

Ernest P. Francis

# EXHIBIT A

# Professional Guidelines

## An agency of the Supreme Court of Virginia

Search

- VSB Home

- Rules and Regulations
- Rules of Professional Conduct
- Legal Ethics Opinions
- Unauthorized Practice of Law Opinions
- Organization & Government of the Virginia State Bar
- Reciprocity: Admission on Motion
- Pro Hac Vice
- Corporate Counsel Limited Admission and Registration
- Foreign Attorneys — Registered Military Legal Assistance Attorneys
- Foreign Legal Consultant
- Military Spouse Provisional Admission
- Bylaws of the Virginia State Bar and Council
- Unauthorized Practice Rules
- Mandatory Continuing Legal Education Regulations
- Clients' Protection Fund Rules
- Attorney Trust Account Regulations
- Regulations of Attorney Real Estate Settlement Agents
- Virginia Licensed Legal Aid Society Regulations
- Principles of Professionalism
- Provision of Legal Services Following Determination of Major Disaster

- Actions on Rule Changes and Legal Ethics Opinions

## The Virginia State Bar

# Professional Guidelines

Search the Professional Guidelines Search

## Principles of Professionalism

### Preface

"The Supreme Court of Virginia endorses the attached Principles of Professionalism for Virginia Lawyers prepared by the Virginia Bar Association Commission on Professionalism. Having been unanimously endorsed by Virginia's statewide bar organizations, the Principles articu- late standards of civility to which all Virginia lawyers should aspire. The Principles of Professionalism shall not serve as a basis for disciplinary action or for civil liability. We encourage the widest possible dissemina- tion of these Principles."

Leroy Rountree Hassell, Sr.
Chief Justice, Supreme Court of Virginia

### Preamble

Virginia can take special pride in the important role its lawyers have played in American history. From Thomas Jefferson to Oliver Hill, Virginia lawyers have epitomized our profession's highest ideals. Without losing sight of what lawyers do for their clients and for the public, lawyers should also focus on how they perform their duties. In their very first professional act, all Virginia lawyers pledge to demean themselves "professionally and courteously." Lawyers help their clients, the institutions with which they deal and themselves when they treat everyone with respect and courtesy. These Principles of Professionalism serve as a reminder of how Virginia lawyers have acted in the past and should act in the future.

## Principles

In my conduct toward everyone with whom I deal, I should:

- Remember that I am part of a self-governing profession, and that my actions and demeanor reflect upon my profession.
- Act at all times with professional integrity, so that others will know that my word is my bond.
- Avoid all bigotry, discrimination, or prejudice.
- Treat everyone as I want to be treated — with respect and courtesy.
- Act as a mentor for less experienced lawyers and as a role model for future generations of lawyers.
- Contribute my skills, knowledge and influence in the service of my community.
- Encourage those I supervise to act with the same professionalism to which I aspire.

In my conduct toward my clients, I should:

- Act with diligence and dedication — tempered with, but never compromised by, my professional conduct toward others.
- Act with respect and courtesy.
- Explain to clients that my courteous conduct toward others does not reflect a lack of zeal in advancing their interests, but rather is more likely to successfully advance their interests.

In my conduct toward courts and other institutions with which I deal, I should:

- Treat all judges and court personnel with respect and courtesy.
- Be punctual in attending all court appearances and other scheduled events.
- Avoid any conduct that offends the dignity or decorum of any courts or other institutions, such as inappropriate displays of emotion or unbecoming language directed at the courts or any other participants.
- Explain to my clients that they should also act with respect and courtesy when dealing with courts and other institutions.

In my conduct toward opposing counsel, I should:

- Treat both opposing counsel and their staff with respect and courtesy.
- Avoid ad hominem attacks, recognizing that in nearly every situation opposing lawyers are simply serving their clients as I am trying to serve my clients.
- Avoid reciprocating any unprofessional conduct by opposing counsel, explaining to my clients that such behavior harms rather than advances the clients' interests.
- Cooperate as much as possible on procedural and logistical matters, so that the clients' and lawyers' efforts can be directed toward the substance of disputes or disagreements.
- Cooperate in scheduling any discovery, negotiations, meetings, closings, hearings or other litigation or transactional events, accommodating opposing counsels' schedules whenever possible.
- Agree whenever possible to opposing counsels' reasonable requests for extensions of time that are consistent with my primary duties to advance my clients' interests.
- Notify opposing counsel of any schedule changes as soon as possible.
- Return telephone calls, e-mails and other communications as promptly as I can, even if we disagree about the subject matter of the communication, resolving to disagree without being disagreeable.
- Be punctual in attending all scheduled events.
- Resist being affected by any ill feelings opposing clients may have toward each other, remembering that any conflict is between the clients and not between the lawyers.

Updated: December 22, 2009

© 1996 - 2019 Virginia State Bar | Privacy Policy
1111 East Main Street, Suite 700 | Richmond, Virginia 23219-0026
**All Departments: (804) 775-0500**
Telecommunication Device for the Deaf/TDD (Hearing-Impaired Only): 804-775-0502
Office Hours: Mon.-Fri. 8:15 a.m. to 4:45 p.m. (excluding holidays)
The Clerk's Office does not accept filings after 4:45 p.m.